No petition for Certiorari was filed.
This cause is before us on petition of Mrs. Bragg to supersede an interlocutory order of the Chancellor appointing a receiver to take charge of a farm, claimed by her, that had been mortgaged by her son Sam E. Bragg to the defendants.
The petition for supersedeas must be denied, because we think the appointment of a receiver was within the discretionary power of the Chancellor, and is not subject to review by this court.
If the chancery court had lawful power and jurisdiction to appoint a receiver upon any legitimate view of the facts of the record and the law applicable thereto, it is not proper for this court to supersede the order. Gibson's Suits in Chancery, revised edition, secs. 1278 and 1295; Shannon's Annotated Constitution of Tenn., 412 to 416; 23 R.C.L., 29-30; Pope v. Hazen, 4 Hig., 224; Cone v. Paute, 12 Heisk., 506.
The petitioner claims the right of possession of the property by virtue of the will of her husband and by seven years adverse possession. *Page 467 
She was given possession by her husband's will until her children became of age, with remainder to her son, Sam E. Bragg. Later her son, Sam E. Bragg conveyed the remainder fee-simple title to her, and within a year, 1920, she reconveyed, by warranty deed, without reservation in the deed, the fee-simple title to said Sam E. Bragg, who thereafter mortgaged the property to the defendants. The defendants, V.I. Witherspoon, trustee, et al., after some litigation, obtained a decree against Sam E. Bragg foreclosing the mortgage and ordering a sale of the property, whereupon, his mother, petitioner herein, who was not a party to said suit, filed a bill to enjoin the sale claiming the title and right to possession both under the aforesaid will and by adverse possession, alleging that she had a verbal agreement with her son whereby she was to retain possession. She claims to have had seven years adverse possession against the trustee and mortgagee, and therefore the title and possession being in dispute the Chancellor had no jurisdiction to appoint a receiver.
After a careful review of the record and authorities, we are of the opinion that her contentions are not well made and that the appointment of the receiver was a matter within the discretion of the Chancellor.
Adverse possession under Shannon's Code, sec. 4456, has no application to an action which merely seeks to subject the land to the burden of a debt or charge imposed either by contract or by statute in the absence of a disclaimer and of actual knowledge of hostile occupancy. 41 Corpus Juris 489-490, sec. 412; Curry v. Williams, 38 S.W. 278; 8 Michie's Tenn. Ency. Dig., 601, 651-652; Gudger v. Barnes, 4 Heisk., 570; Lincoln v. Purcell, 2 Head., 143; 2 Corpus Juris, 156, sec. 279; also page 161, sec. 291.
As the case is before us on the interlocutory order we base our opinion on the record as it is, and express no opinion as to the facts of the case. It results that the petition must be denied.
Faw, P.J., and DeWitt, J., concur.